UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATHIREE UDDIN ALI,

      Petitioner,

                                      Case No. 97-70236

v.

                                      Honorable Patrick J. Duggan

GERALD HOFBAUER,

      Respondent.

_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on_April 10, 2012.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

On January 21, 1997, Fathiree Uddin Ali ("Petitioner"), a state prisoner currently confined at the Carson City Correctional Facility in Carson City, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court subsequently denied habeas relief. This matter is now before the Court on Petitioner's motion for relief from judgment, filed on February 27, 2012 pursuant to Federal Rule of Civil Procedure 60(b)(4). Petitioner has also filed a motion for the appointment of counsel and a motion requesting that the Court take judicial notice of certain pleadings and documents filed in this case. For the reasons set forth below, the Court denies Petitioner's motions.

**I. Background**

On October 20, 1989, a Wayne County jury found Petitioner guilty of three counts of first-degree felony murder.  He was sentenced to three concurrent sentences of life imprisonment.  Petitioner's convictions were affirmed on appeal.  *See People v. Ali*, No. 125272 (Mich. Ct. App. May 21, 1993), *lv. denied* 444 Mich. 891, 511 N.W.2d 688 (Mich. 1993).  Petitioner moved for reconsideration, which was also denied.  *People v. Ali*, 546 N.W.2d 257 (Mich. 1996).

Petitioner filed his petition for a writ of habeas corpus on January 21, 1997, raising the following claims:

I.  There was insufficient evidence that Petitioner's participation in a robbery made him guilty of felony murder committed by others.

II.  The prosecutor denied Petitioner a fair trial by arguing in closing, without any evidence, that Petitioner personally committed the killings.

III.  Petitioner's statement to the police should have been suppressed because it was coerced by the unjustified arrest of Petitioner's pregnant wife, and the state court of appeals denied due process by refusing to remand for an evidentiary hearing.

IV.  The court denied Petitioner a fair trial and his right to compulsory process for defense witnesses, by allowing a person called as a defense witness to refuse to testify.

V.  The court improperly instructed the jury regarding inferences to be drawn from the use of a weapon.

VI.  The court improperly gave an instruction emphasizing that Petitioner did not testify, without the consent of the defense.

VII.  Petitioner had ineffective assistance of counsel, and the state court of appeals denied due process by refusing to remand for an evidentiary hearing.

On July 22, 1998, this Court issued an Opinion and Order denying relief on all grounds

except for the claim relating to the voluntariness of the confession and the claim that Petitioner's counsel was ineffective for failing to challenge the voluntariness of the confession. The Court ordered an evidentiary hearing with respect to these two claims, and subsequently denied habeas relief in an Opinion and Order dated July 1, 1999. The Court's decision was affirmed on appeal. *Ali v. Hofbauer*, 9 F. App'x 495 (6th Cir. May 17, 2001), *cert. denied* 534 U.S. 1067, 122 S. Ct. 668 (2001).

On February 27, 2012, Petitioner filed a motion for relief from judgment pursuant to Rule 60(b)(4). Petitioner contends that the Court erred in failing to require the state to provide the complete record of trial court proceedings. Petitioner further asserts that the Court failed to consider a claim of ineffective assistance of counsel relating to his attorney's failure to investigate the case through timely review of discovery materials.

## II. Discussion

Rule 60(b)(4) provides that the Court may relieve a party from a final judgment that is void. A motion under Rule 60(b), however, must be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes a reasonable time depends on the facts of each case." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006). Factors to be considered include the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief. *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

The Court concludes that Petitioner's delay was unreasonable. The Sixth Circuit has found Rule 60(b)(4) motions untimely where far less time has passed between the date of the judgment and the filing of the motion. *See Patel*, 445 F.3d at 908 (eleven-month delay

3

was unreasonable); *Blachy v. Butcher*, 129 F. App'x 173, 179 (6th Cir. Apr. 12, 2005) (three-year delay was unreasonable); *United States v. Dailide*, 316 F.3d 611, 618 (6th Cir. 2003) (four-year delay was unreasonable)*; Ohio Cas. Ins. Co. v. Pulliam*, 1999 U.S. App. LEXIS 14136, at *10 (6th Cir. June 23, 1999) (three-year delay was unreasonable).  In this case, the orders that are the subject of Petitioner's motion were entered in 1998 and 1999. Petitioner has failed to offer any explanation for waiting more than twelve years to file his Rule 60(b) motion.  Petitioner's motion should be denied as untimely.

Even if Petitioner's motion were timely filed, the claims raised lack merit.  Petitioner asserts that he was denied due process, as Respondent failed to provide this Court with the complete state court record.  The rules governing habeas proceedings make no such requirement.  Rule 5, which governs the respondent's answer, provides in pertinent part:

> The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed.  The respondent must attach to the answer parts of the transcript that the respondent considers relevant.  The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished.

Rule 5(c) of the Rules Governing Section 2254 Cases.  Respondent is clearly afforded the discretion to attach the parts of the transcript he deems relevant.  The rule states that the judge "may" order the respondent to furnish other parts of the record, indicating that the Court also has discretion in such situations.  *See Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir. 2004) ("While the review of a state court transcript is occasionally necessary in habeas cases, it is certainly not required . . ..").  Petitioner argues that Respondent's failure to provide the entire state court record deprived him of adequate consideration of

his claims. This amounts to little more than speculation, as Petitioner has not pointed to any particular omissions that may have impacted this Court's decision.

Petitioner asserts that the Court failed to adjudicate a claim of ineffective assistance of counsel relating to his attorney's failure to review certain discovery materials until the time of trial. Petitioner contends that he became aware of this claim during the evidentiary hearing and raised it in a memorandum filed on March 25, 1999. The Court does not believe that Petitioner amended his petition to include this new claim; thus, it was not properly before this Court. Nor is it clear that Petitioner attempted to raise this claim in the state courts. It is well-established that petitioners must exhaust state court remedies before seeking habeas relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999).

Petitioner has moved for the appointment of counsel, arguing that the issues in this case are complex and that he has limited legal knowledge and resources. Petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *Abdur-Rahman v. Mich. Dep't of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). Petitioner has been able to clearly articulate the legal and factual basis for his claims before this Court. The Court therefore believes that the interests of justice do not require the appointment of counsel to represent Petitioner at this time.

Petitioner has also filed a motion requesting that the Court take judicial notice of

certain pleadings and documents filed in this case.  Having concluded that Petitioner's

claims are untimely and lack merit, the Court denies this motion as moot.

The Court finds no grounds for vacating the judgment in this case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for relief from judgment pursuant to Rule

60(b)(4) is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion for appointment of counsel

is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion to take judicial notice is

**DENIED AS MOOT**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Fathiree Uddin Ali, #175762
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811-9746