UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FATHIREE UDDIN ALI,

     Petitioner,

                                   Case No. 97-70236

v.

                                   Honorable Patrick J. Duggan

GERALD HOFBAUER,

     Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY AND DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL

Fathiree Uddin Ali ("Petitioner"), a state prisoner currently confined at the Carson City Correctional Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After conducting an evidentiary hearing with respect to two of Petitioner's claims, the Court denied the petition in an Opinion and Order dated July 1, 1999. On February 27, 2012, Petitioner filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(4), arguing that the Court erred by: (1) failing to require that the state provide a complete record of trial court proceedings; and (2) failing to consider a claim of ineffective assistance of counsel relating to inadequate review of discovery materials.

The Court denied Petitioner's motion on April 10, 2012, concluding that the motion was not filed within a "reasonable time," as required by Rule 60(c). The Court noted that Petitioner failed to offer any explanation for raising his arguments more than twelve years after the Court entered its Opinion and Order denying the habeas petition. The Court also

concluded that even if Petitioner had timely raised his arguments, they lacked merit.  The rules governing habeas cases give the respondent discretion to attach to his answer parts of the record that he considers relevant.  *See* Rule 5(c) of the Rules Governing Section 2254 Cases.  Pursuant to Rule 5, the Court "may" order the respondent to furnish other parts of the record, but is not required to do so.  *See Beuke v. Houk*, 537 F.3d 618, 653 (6th Cir. 2008) (expansion of the record pursuant to Rule 5 is subject to the judge's discretion).  As for Petitioner's assertion that a claim of ineffective assistance of counsel relating to the review of discovery materials was never adjudicated, the Court noted that Petitioner failed to raise this claim in either the state courts or his federal habeas petition.  The Court accordingly denied Petitioner's motion.

Petitioner seeks to appeal the Court's denial of his Rule 60(b) motion, and requests that the Court issue him a certificate of appealability pursuant to 28 U.S.C. § 2253.  The statute provides that a certificate of appealability may issue only if the petitioner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 1034 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000)).  However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; *and* (2) the

2

district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85, 120 S. Ct. at 1604. The Court denied Petitioner's motion on grounds that it was untimely under Rule 60(c). Thus, for a certificate of appealability to issue, Petitioner must show that jurists of reason could debate whether he has stated a valid claim of a denial of a constitutional right and whether the Court's procedural ruling was incorrect. The Court believes that Petitioner's argument fails in both respects.

Petitioner suggests that the relief he seeks is appropriately granted pursuant to Rule 60(d), which allows an independent action in equity to relieve a party from a judgment. He argues that the passage of time will not bar such an action. While the Supreme Court has indicated that an independent action is not subject to the time limits contained in the Federal Rules, *see United States v. Beggerly*, 524 U.S. 38, 45, 118 S. Ct. 1862, 1866-67 (1998), the Court also indicated that "an independent action should be available only to prevent a grave miscarriage of justice." *Id.* at 47, 118 S. Ct. at 1868. As discussed above, Petitioner has failed to present any explanation for his failure to file a motion for relief from judgment within the time limits prescribed by the Federal Rules. Nor has he shown a denial of rights constituting a "grave miscarriage of justice." These circumstances do not warrant equitable relief.

Petitioner indicates that his claim arises under the Suspension Clause of the United States Constitution, which provides that the privilege of the writ of habeas corpus shall not be suspended except for in certain limited instances. *See* U.S. Const. art. I, § 9, cl. 2. It is apparent that Petitioner's claims do not arise from a suspension of the privilege of the writ of habeas corpus, because the Court adjudicated Petitioner's habeas petition in 1999.

3

Rather, Petitioner alleges procedural deficiencies in this Court's resolution of his habeas petition. The Court has already concluded that Petitioner has failed to allege a defect that would entitle him to relief.

In support of his motion, Petitioner cites *Peach v. United States*, 468 F.3d 1269 (10th Cir. 2006), noting that the prisoner in that case filed a Rule 60(b) motion approximately eight years after the district court denied habeas relief. Petitioner's reliance on this case is misplaced, as the Tenth Circuit merely determined that the Rule 60(b) motion should not be considered a "second or successive" petition for habeas relief. *Id.* at 1272. The court declined to consider the merits of the motion itself. Thus, *Peach* does not assist Petitioner in establishing his entitlement to relief under Rule 60(b).

Petitioner also cites *Battle v. Liberty National Life Insurance Co.*, 770 F. Supp. 1499 (N. D. Ala. 1991), for the proposition that a Rule 60(b)(4) motion is not subject to a "reasonable time" requirement. *Battle* relied on precedent outside the Sixth Circuit for its holding, but this Court is bound by Sixth Circuit precedent, which firmly establishes that motions under Rule 60(b)(4) must be brought within a "reasonable time." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006). The Court therefore rejects Petitioner's argument.

The Court is not persuaded that jurists of reason would debate whether the Court was correct in its procedural ruling or whether Petitioner has stated a valid claim of the denial of a constitutional right. The Court therefore concludes that a certificate of appealability should not issue.

The Court notes that in a motion filed on May 4, 2012, Petitioner requests that the

4

Court appoint counsel to represent him.  Petitioner filed a similar motion with this Court on February 27, 2012, which the Court denied in its April 10, 2012 Opinion and Order. The Court does not believe that the circumstances surrounding this case have changed so as to require the appointment of counsel.  For this reason, the Court declines to appoint counsel to represent Petitioner.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for a certificate of appealability is **DENIED**;

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel is **DENIED**.

Date: June 13, 2012

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

Fathiree Uddin Ali, #175762
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811-9746